# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Dependency of
M.J.Z.,
D.O.B.: 6/25/2008,

     A minor child.

CHRISTOPHER RUST,

     Appellant,

    v.

STATE OF WASHINGTON
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES,

     Respondent.

No. 70897-0-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: August 4, 2014

TRICKEY, J. — M.J.Z. was born on June 25, 2008.[1] Christopher Rust is M.J.Z.'s alleged father; paternity has not been legally established.[2] In June 2011, dependency was established as to both Rust and M.J.Z.'s mother.[3] The Department of Social and Health Services (Department) filed a petition for termination of Rust and the mother's parent-child relationship on February 19, 2013.[4] The termination hearing was held on July 23 and 24, 2013. On August 29, 2013, the trial court entered an order terminating Rust and the mother's parental rights to M.J.Z.[5]

Rust was incarcerated at the time of the termination hearing, and had been

---

[1] Clerk's Papers (CP) at 1, 203.
[2] CP at 203; 1 Report of Proceedings (RP) (July 23, 2013) at 67.
[3] CP at 203.
[4] CP at 1.
[5] CP at 202, 207.

for over three years.[6] His expected date of release was June 2014.[7] Rust appeared at the termination hearing telephonically.

Rust appeals from the trial court's order terminating his parental rights to M.J.Z. Rust asserts that the order should be reversed because (1) the Department failed to prove that all reasonably available, necessary services were offered or provided to him and (2) he received ineffective assistance of counsel during the termination proceeding.

We reverse on different grounds, in light of our decision in In re Dependency of A.M.M., No. 70832-5 (Wash. August 4, 2014). As in A.M.M., here, the trial court failed to consider the termination factor set forth in RCW 13.34.180(1)(f) and, in turn, RCW 13.34.145(5)(b), both of which became effective on July 28, 2013.[8] SUBSTITUTE H.B. 1284, 63rd Leg., Reg. Sess. (Wash. 2013). Nor did the State prove by clear, cogent, and convincing evidence that this factor had been met.

---

[6] 1 RP at 60; 2 RP at 28; CP at 204.

[7] CP at 204.

[8] In pertinent part, RCW 13.34.180(1)(f) provides that, before terminating the parental rights of an incarcerated parent, the trial court must consider:

> whether a parent maintains a meaningful role in his or her child's life based on factors identified in RCW 13.34.145(5)(b); whether the department or supervising agency made reasonable efforts as defined in this chapter; and whether particular barriers existed as described in RCW 13.34.145(5)(b) including, but not limited to, delays or barriers experienced in keeping the agency apprised of his or her location and in accessing visitation or other meaningful contact with the child.

RCW 13.34.145(5)(b) enumerates several factors for the court to consider in determining whether an incarcerated parent maintains a meaningful role in the child's life.

We reverse the termination order and remand for further proceedings consistent with A.M.M.

Trickey, J

WE CONCUR:

Spearman, C.J.

Appelwick, J